Argued September 9, affirmed October 2, 1968

FORD, *Respondent, v.* ALLUM, *Appellant.*

445 P. 2d 511

*F. Gordon Cottrell,* Eugene, argued the cause for appellant. With him on the briefs were Barber & Cottrell, Eugene.

*Robert D. Woods,* Eugene, argued the cause for respondent. With him on the brief were Riddlesbarger, Pederson, Brownhill & Young, Eugene.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

■ Plaintiff, a registered land surveyor, prevailed in this action to recover for surveying services which, plaintiff alleged, defendant had promised to pay for. At the trial, defendant contended that the alleged promise to pay was an oral promise to pay for the debt of another and barred by the Statute of Frauds. The issue was presented by motions for nonsuit and for a directed verdict. On appeal, defendant supplements his contentions with issues not presented to the trial court. The latter will not be considered. *Inman et al v. Ollson et al,* 1958, 213 Or 56, 61, 321 P2d 1043, 1046.

Plaintiff testified that a Mr. Scott initially came to plaintiff and requested that plaintiff perform some surveying services. Plaintiff had previously done a substantial amount of work for Scott that Scott had never paid for. It is apparent that plaintiff would not have undertaken the work for Scott. Scott, however, told plaintiff that defendant was involved in the proposed survey work and would pay for it. Before he started any of the work, plaintiff claimed that he called defendant by telephone and that the latter confirmed that he would be financially responsible for and pay for the survey work. Plaintiff proceeded to do the work on that basis. Defendant denied that he had ever made such a promise or had even talked with plaintiff about it.

▮▮ When the motions for nonsuit and directed verdict were made the court ruled that the evidence would permit the jury to find that defendant's promise was a direct promise to pay creating a positive obligation on defendant and not a promise to pay only if Scott refused to pay. The case was submitted to the jury on that basis. No exceptions were taken to the instructions that permitted the jury to find either a direct promise and obligation by defendant or a promise that defendant would pay only if Scott refused. The jury was directed to return its verdict for plaintiff or for defendant accordingly. We think the evidence supports the trial court's decision and that the case was properly submitted to the jury. "* * * [I]f there is a doubt created as to whom the credit was extended, then it is a question of fact for the jury to determine." *Eilertsen v. Weber et al,* 1953, 198 Or 1, 12, 255 P2d 150, 155, 156. In this instance the jury must have found that plaintiff did the work in sole reliance on the promise of defendant regardless of whether or not Scott had also promised to pay. This would not, of course, constitute a promise to pay the debt of another. 2 Corbin, Contracts, 1950, § 349.

■ Another assignment claims the court erred in permitting another surveyor to answer a hypothetical question relative to the value of plaintiff's services. The objection made to the trial court was that the question included facts not in evidence. It is apparent that all of the facts stated in the question were included in an exhibit already in evidence when the question was asked.

There was no error. Judgment affirmed.